1  ARNOLDO CASILLAS, SBN 158519
   GREGORY MORENO & ASSOCIATES
2  A Professional Law Corporation
   3500 Beverly Boulevard
3  Montebello, CA 90640-1541
   Telephone: (323) 725-0917
4  Facsimile: (323) 725-0350
   E-mail: acasillas@mbc4law.com
5
   Attorney for Plaintiffs
6
   ANDRÉ BIROTTE JR.
7  United States Attorney
   LEON W. WEIDMAN
8  Assistant United States Attorney
   Chief, Civil Division
9  DAVID PINCHAS
   Assistant United States Attorney
10 California Bar Number 130751
        Federal Building, Suite 7516
11      300 North Los Angeles Street
        Los Angeles, California 90012
12      Telephone: (213) 894-2920
        Facsimile: (213) 894-7819
13      E-mail address: david.pinchas@usdoj.gov

14 Attorneys for Defendant
   UNITED STATES OF AMERICA
15
                 UNITED STATES DISTRICT COURT
16
            FOR THE CENTRAL DISTRICT OF CALIFORNIA
17
                     WESTERN DIVISION
18
   GRISELDA MUNOZ, et al.,           ) CV 11-5046 RGK (SPx)
19                                    )
                 Plaintiffs           ) PROTECTIVE ORDER
20                                    )
        v.                            )
21                                    )
   UNITED STATES OF AMERICA, et al.,  )
22                                    )
                 Defendants.          )
23 _____    )

24

25      The foregoing stipulation is approved and pursuant to 5

26 U.S.C. § 552a(b)(11), it is ORDERED that Defendant United States

27 of America is authorized to release to Plaintiff's counsel, and

28 this Court, the following documents without obtaining prior

1   written consent of the individuals to whom the records pertain:

2   In particular, Plaintiff seeks 1) reports relating to the

3   investigation of Plaintiff's allegations, including an

4   investigative report Defendant obtained from the Riverside

5   Sheriff's Office; 2) statements, diagrams, photographs,

6   videotapes, and audio recordings relating to the investigation of

7   Plaintiff's allegations; 3) documents from Luis Hermosillo's

8   official personnel folder; 4) Luis Hermosillo's training records;

9   5) Luis Hermosillo's disciplinary records; 6) a radio contact

10  ICAD report maintained by CBP; 7) the United States Border Patrol

11  Lesson Plan (Federal Law Enforcement Center); 8) a Memorandum

12  dated April 29, 2008 regarding Law Enforcement Authorities of a

13  Border Patrol Agent; 9) a memorandum dated April 2, 2007

14  regarding CBP's Indio Station Standard Operating Procedure; 10) a

15  Memorandum dated July 3, 2008 regarding Updated Office of Border

16  Patrol Cannine Unit Policy and Procedures; 11) a memorandum dated

17  June 30, 2008 and attached OBP Canine Unit Policies and

18  Procedures; 12) Border Patrol Handbook sections 6, 11.6 and 31;

19  13) Officer's Handbook (M-68) Guide for Proper Conduct and

20  Relationships with Agents and the General Public; 14) Recordings

21  of Highway 86 Checkpoint from June 13, 2009; 15) Detection Dog

22  Handler School Lesson Plan Index and Lesson Plan; and 16) Border

23  Patrol Canine Policy and memoranda.  The parties may add

24  additional documents to this Protective Order without seeking an

25  amendment of this Protective Order by written stipulation

26  executed by counsel and marking the documents as set forth in

27  paragraph 2 below.

28  ///

2

1    Such disclosure is subject to the following conditions:

2    1.  For purposes of this Protective Order, the term "record"
3 shall have the same meaning as set forth in the Privacy Act, 5
4 U.S.C. § 552a(a)(4).

5    2.  The government records described above shall be marked
6 "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE
7 ORDER" or contain a similar marking, and may be used only for
8 purposes of this litigation.  For any government records whose
9 medium makes such stamping impracticable, the case and/or cover
10 shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or
11 "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking.
12 Except as provided herein, no person having access to the records
13 designated as subject to this Order of the information therein
14 shall make public disclosure of those records or the information
15 contained therein without further ORDER of the Court.

16    3.  The information and documents covered herein shall be
17 held in strict confidentiality and may be used solely for
18 purposes of this case.  The Plaintiff's attorneys shall limit the
19 dissemination of this information and making of copies of any
20 documents subject to this Protective Order to those necessary to
21 the attorneys' activities as counsel for the Plaintiff in this
22 action.  Any government documents or information produced by
23 Defendant that are designated as subject to this Protective Order
24 shall be used by Plaintiff's attorney only for purposes of
25 litigating this case, including any subsequent appeals, and shall
26 not be disclosed to the Plaintiffs, or to any other person except
27 as provided herein.

28 / / /

4.   Except as otherwise ordered by this Court, any documents and information subject to this Protective Order may be disclosed only to the following persons: 1) counsel, and their partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this action; 2) persons retained by counsel to assist in preparation for any hearing, or to serve as expert witnesses or consultants, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this action; 3) persons to whom counsel determine may be called as witnesses in this case, including Luis Hermosillo.

5.   All individuals to whom documents or information subject to this Protective Order are disclosed, other than the Court and Court personnel, shall be informed of and agree with the terms of this Protective Order and shall not disclose the documents or information subject to this Protective Order to the public or to any person or entity, and shall execute a written declaration substantially in the form of Exhibit "A" attached hereto.

6. Except for Plaintiffs Griselda Munoz, Blianda Munoz and Alfonso Lopez viewing video footage depicting their actions and Plaintiffs listening to any recordings of statements made by them, Plaintiffs are not permitted to possess or review the records, documents or other items produced by the Defendant to their attorneys pursuant to the Protective Order.  In the event that Plaintiffs' attorneys determine that it is necessary to discuss protected information, or matters derived therefrom, with the Plaintiffs, or any persons other than those listed in paragraph 4 and 5 above,  Plaintiffs' attorneys will contact

1  defense counsel for the purpose of arranging a stipulation to
2  amend the Protective Order to permit such disclosure to
3  Plaintiff.  If the parties cannot agree, Plaintiffs' attorney
4  must file an application with the Court pursuant to Local Rule 37
5  to permit such disclosure specifying why the disclosure is
6  necessary and what safeguards will be in place to protect the
7  confidentiality of the information.
8      7.  Unless the Court has previously ruled that a document or
9  information is not subject to this Protective Order, government
10 documents may only be presented to the Court with an application
11 to file the document or information under seal.  Should the
12 parties seek to use documents or information subject to this
13 Protective Order in open Court or at trial, orally or through
14 documents, either as trial exhibits or as part of a public
15 filing, they must first seek an Order from the Court that the
16 information is relevant and may be publicly disclosed.
17     8.  Any deposition testimony or exhibits which incorporate
18 records subject to this Protective Order, or information derived
19 from categories 6-16 referenced on page 2 of this Order, shall be
20 designated as confidential and if filed with the Court, shall be
21 filed with an application to file the documents under seal
22 pursuant to and in accordance with Local Rule 79-5.1., or
23 properly redacted pursuant to the Privacy Act.
24      9.  The Parties shall have the right to fully use any
25 records subject to this Protective Order in any appellate
26 proceedings, including without limitation, in briefs and in
27 argument, provided that any portion of such appellate filings
28 containing information subject to this Protective Order shall be

1 filed under seal and/or redacted in the same manner as in
2 district court filings as set forth above.

3      10.   The protected documents and discovery responses, and
4 all copies thereof, produced in connection with this action must
5 be returned by Plaintiffs' counsel or other receiving party to
6 Defendant upon the entry of dismissal or other final disposition
7 of this case, including any subsequent appeals.  Within thirty
8 days of the conclusion of this action and any subsequent appeals,
9 Plaintiffs' counsel or other person receiving protected documents
10 and discovery responses must certify in writing that all
11 protected documents and discovery responses, and all copies
12 thereof, have been returned to Defendant.  Within forty-five days
13 of the entry of dismissal or other final disposition of this
14 case, including any subsequent appeals, Plaintiffs' counsel or
15 other person receiving protected documents and discovery
16 responses must also certify in writing that any documents they or
17 their attorneys or agents have created which contain information
18 protected hereunder derived solely from the protected documents
19 and discovery responses have been destroyed or redacted;
20 provided, however, that no party is required to destroy or redact
21 any document that has been filed with this Court or with a Court
22 of Appeals in connection with this action.

23      11.   Neither CBP nor the United States Attorney's Office,
24 the Riverside County Sheriff's Department, nor any of their
25 officers, agents, employees or attorneys, shall bear any
26 responsibility or liability for any disclosure of any documents
27 obtained by Plaintiffs' counsel under this Protective Order, or
28 of any information contained in such documents.

1      12.  This Protective Order does not constitute any ruling on
2  the question of whether any particular document or category of
3  information is properly discoverable and does not constitute any
4  ruling on any potential objection to the relevance, or
5  admissibility of any record, other than objections based on the
6  Privacy Act.

7      13.  Other than explicitly set forth herein, this Protective
8  Order does not apply to any information or documents subject to a
9  claim of privilege or other basis of exclusion, and this
10 Protective Order shall not be precedent for adopting any
11 procedure with respect to the disclosure of any such other
12 information.

13
   DATED: October 31, 2012
14

15
                                  /s/ Sheri Pym
16                           UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT "A"</u>

I have read, I understand, and  I agree to be bound by the terms in the following documents, filed and approved by the Court in the case captioned <u>Munoz v. United States</u>; CV 11-0504 RGK (SPx):

     (a)  Joint Stipulation for Protective Order; and

     (b)  Protective Order.

_____
By:
Title: